KLAUS BIESENBACH
kdbconsulting@proton.me
1390 Market Street, Suite 2819
San Francisco, CA 94102
Plaintiff, Pro Se

FILED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| , **KLAUS BIESENBACH,**<br>Plaintiff,<br>v.<br>, **JOHN DOE device NCI-02226111-ML at IP 172.27.5.83 on United Airlines Flight UA 6001 December 24, 2025, (passenger assigned Seat 2A),**<br>Defendant. | No. CV 26 10710 VKD<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 (AND RELATED CLAIMS) DEMAND FOR JURY TRIAL** |

Plaintiff, Klaus Biesenbach ("Plaintiff"), appearing pro se, brings this complaint against Defendant John Doe, passenger assigned Seat 2A on United Airlines Flight UA 6001 (San Francisco International Airport to Monterrey International Airport) on December 24, 2025, seated directly behind Plaintiff in Seat 1A, and user of the device identified on the United_Wi-Fi network at local IP address 172.27.5.83 (hostname/identifier NCI-02226111-ML) ("Defendant"), and alleges as follows:

## I. Introduction

1. This is a case about the willful copyright infringement and destruction of Plaintiff's original copyrighted work. Plaintiff brings this action under 17 U.S.C. § 501 because Defendant infringed Plaintiff's copyright in the original work titled "Eifel Bruja," U.S. Copyright Registration No. VAU001597977, by willfully accessing, damaging, and destroying the original high-quality digital files of the work and deleting them from Plaintiff's iCloud account so that Plaintiff could

no longer recover them. Plaintiff is left with only a lesser-quality picture of the work. Everything else alleged in this Complaint arises from, or is incidental to, that core violation of Plaintiff's exclusive rights under the Copyright Act.

2. Plaintiff is the author and owner of the original work "Eifel Bruja," registered with the United States Copyright Office under Registration No. VAU001597977.

3. On December 24, 2025, Plaintiff was seated in Seat 1A on United Airlines Flight UA 6001. Defendant occupied Seat 2A, the seat directly behind Plaintiff. Defendant obtained Plaintiff's credentials, used Apple technology to share and control Plaintiff's screen, accessed Plaintiff's devices and iCloud account, damaged the original copy of "Eifel Bruja," and deleted the original files from iCloud. When Plaintiff activated Find My iPhone and followed directions to an AirTag associated with Plaintiff's account, the location pointed directly to the seat behind Plaintiff—Seat 2A. Immediately after Plaintiff activated Find My iPhone, the aircraft's onboard inflight system failed and remained non-operational for the remainder of the flight.

4. Although Defendant attempted to hide this infringement by acting anonymously over the aircraft network, Defendant's identity can be ascertained through:

(a) the seat assignment (Seat 2A) on United Airlines Flight UA 6001 on December 24, 2025, directly behind Plaintiff's Seat 1A;

(b) the local IP address 172.27.5.83 assigned to the device NCI-02226111-ML (Apple / macOS);

(c) the Fing network security logs showing an anomalous single-device presence on a private multi-user aircraft network;

(d) the Find My / AirTag location data pointing to Seat 2A; and

(e) United Airlines' passenger and Wi-Fi authentication records.

5. This is a civil action seeking maximum statutory damages of $150,000 for willful copyright infringement under 17 U.S.C. §§ 501 and 504(c), together with related relief under the Computer Fraud and Abuse Act, the Wiretap Act, the Stored Communications Act, and 18 U.S.C. § 2261A.

## II. Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., and specifically under 17 U.S.C. § 501. Supplemental jurisdiction over the related claims exists under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant was physically present in this District at the time of the infringing acts (boarding and departing from San Francisco International Airport on the subject flight).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial

part of the events or omissions giving rise to the claims occurred in this District and because Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

## III. Parties

9. Plaintiff Klaus Biesenbach is an individual who was a p assenger on United Airlines 6001 December 24, 2026 travelling from San Francisco, CA, U.S.A. to Monterrey, Nuevo Leon, MX. Plaintiff is the author and copyright owner of the original work titled "Eifel Bruja," Registration No. VAU001597977.

10. Plaintiff currently can only identify Defendant by his or her seat assignment, flight information, device identifiers, and the Find My / AirTag location data. Defendant occupied Seat 2A, directly behind Plaintiff's Seat 1A, on United Airlines Flight UA 6001 on December 24, 2025. Defendant's local IP address on the United_Wi-Fi network is 172.27.5.83 (device NCI-02226111-ML, Apple / macOS). Defendant's name and address can be provided by United Airlines through its passenger manifest, seat-assignment records, and inflight Wi-Fi authentication and session logs.

## IV. Factual Background

### A. Plaintiff's Copyrighted Work

11. Plaintiff is the sole author and owner of the copyright in the original work titled "Eifel Bruja." The work is registered with the United States Copyright Office under Registration Number VAU001597977.

12. Prior to the events described herein, Plaintiff maintained the original high-quality digital files of "Eifel Bruja" on Plaintiff's devices and in Plaintiff's iCloud account. Plaintiff was actively working on the work.

### B. Defendant Used the Aircraft Wi-Fi Network and Apple Technology to Infringe and Destroy Plaintiff's Copyrighted Work

13. On December 24, 2025, Plaintiff was a passenger seated in Seat 1A on United Airlines Flight UA 6001, a nonstop flight from San Francisco International Airport (SFO) to Monterrey International Airport (MTY), Mexico. Defendant occupied Seat 2A, the seat directly behind Plaintiff.

14. During the flight, Plaintiff connected personal computing devices, including an iPad, to the aircraft's inflight Wi-Fi network broadcast under the SSID "United_Wi-Fi."

15. While connected to United_Wi-Fi, Defendant obtained Plaintiff's credentials and used Apple technology (including screen-sharing / Continuity or related remote-view or control features) to share and view Plaintiff's screen without authorization.

16. Using the unauthorized access, Defendant accessed Plaintiff's devices and iCloud account, damaged the original copy of "Eifel Bruja," and deleted the original digital files from iCloud. As a result, Plaintiff was unable to connect to or recover the original files from iCloud. Plaintiff is left with only a lesser-quality picture of the work.

17. In response to the observed attack, Plaintiff activated Apple's Find My iPhone feature and followed directions to an AirTag associated with Plaintiff's account. The Find My / AirTag location data pointed directly to the seat behind Plaintiff—Seat 2A, occupied by Defendant.

18. Immediately after Plaintiff used Find My iPhone and the AirTag directions in response to the attack, the aircraft's onboard inflight entertainment and connectivity system failed. The system remained non-operational for the remainder of the flight.

### C. Technical Detection and Logging by the Fing Network Security System

19. Plaintiff's investigation relied upon the Fing network security and device-recognition platform. Fing is a widely used network discovery and inventory system that identifies devices connected to a local network and maintains detailed logs of device activity.

20. Fing performs active and passive network discovery by scanning the local network. It uses industry-standard protocols including Address Resolution Protocol (ARP) to map IP addresses to MAC addresses, Dynamic Host Configuration Protocol (DHCP) observation to identify devices requesting or holding IP leases, Bonjour / Multicast DNS (mDNS), Universal Plug and Play (UPnP) / Simple Service Discovery Protocol (SSDP), NetBIOS, and Simple Network Management Protocol (SNMP). Fing builds a real-time inventory of every device that responds on the network segment.

21. For each discovered device, Fing records: (a) local IP address assigned by the network's DHCP service; (b) MAC address (when obtainable); (c) vendor / manufacturer derived from the Organizationally Unique Identifier; (d) device model and type; (e) operating system; (f) hostname; (g) first-seen and last-seen timestamps; (h) connection state; and (i) a chronological event timeline of device joins, state changes, and other network events.

22. On the United_Wi-Fi network of Flight UA 6001, Fing detected and logged the following:

23. a. Device hostname/identifier: NCI-02226111-ML;

24. b. Local IP address: 172.27.5.83;

25. c. Vendor / platform recognition: Apple / macOS;

26. d. Network SSID: United_Wi-Fi;

27. e. Router / gateway local IP: 172.27.7.212.

28. Critically, on a functioning private aircraft Wi-Fi network serving an entire passenger cabin, Fing's scan should detect multiple passenger devices. The observation of effectively a single anomalous passenger device (NCI-02226111-ML at 172.27.5.83) on what is designed as a multi-user private network is highly irregular and consistent with unauthorized or targeted network

activity rather than normal passenger use. Fing's continuous scanning and device-recognition engine flagged this anomalous single-device presence together with the device's Apple / macOS fingerprint and the temporal correlation with the intrusion, the Find My / AirTag location pointing to Seat 2A, and the subsequent failure of the onboard systems.

29. The local IP address 172.27.5.83 falls within the private address space commonly used by United Airlines inflight Wi-Fi systems. United Airlines maintains authentication and session logs that correlate each local IP assignment and device credential to a specific passenger seat and passenger identity. Through discovery directed to United Airlines, Plaintiff can obtain the name and contact information of the passenger assigned Seat 2A.

30. Plaintiff hereby submits and incorporates by reference the following documents, which are attached hereto as exhibits and submitted to the Court:

Exhibit 1A – UA540__Wi_Fi_April_17_2022.csv (capturing the device NCI-02226111-ML at IP 172.27.5.83 on the United_Wi-Fi network, including MAC address 88:66:5A:1C:BC:70, first seen 4/17/22 at approximately 1:50 PM, last seen 12/24/25); Exhibit 2A – UAL837__07jan2023_Same_Connection_Different_Plane_Return_Flight_9_17_26_07_32_39.csv (capturing multiple devices on a related United Wi-Fi network segment, including additional Apple iPhone devices and generic endpoints observed across overlapping time periods); and Exhibit 3A – Detected RF Spectrum Sample (the calibrated receive-only detections of unauthorized emissions listed in paragraph 33). The first-seen timestamp of April 17, 2022, at approximately 1:50 PM corresponds to United Airlines Flight UA540 from San Francisco International Airport (SFO) to Denver International Airport (DEN), which was in the air at that time. These exhibits corroborate the presence, identity, longevity, and anomalous activity of the subject device across multiple United Airlines flights and network segments, as well as the intentional RF interference associated with the events alleged herein.

31. Analysis of the device identifier NCI-02226111-ML demonstrates that it is a controlled property item under standard enterprise IT asset management practices. The hostname follows a structured organizational naming convention common in large organizations: a prefix (NCI-), a sequential or asset-number component (02226111), and a functional suffix (-ML). The suffix "ML" is consistent with designation for Machine Learning workloads or specialized computing roles. Industry standards and acceptable practices for IT asset management in large organizations (including ISO/IEC 19770 series on IT asset management systems, CIS Controls for inventory and control of enterprise assets, and NIST guidance on IT asset management) require unique, structured, numbered identifiers for tracked devices, particularly specialized equipment used in machine-learning or high-performance computing environments. The pattern of prefix + unique numeric identifier + role/function suffix is a recognized best practice for controlled corporate or institutional property, enabling inventory tracking, accountability, and security oversight. The presence of such a controlled, enterprise-managed device (rather than a typical consumer personal device) on the aircraft Wi-Fi network, correlating with the intrusion and system failure, is critical

and underscores the targeted and sophisticated nature of the activity. Discovery is necessary to identify the owner, custodian, and operational history of this controlled device, its presence on multiple United Airlines flights including the original sighting on UA540 (SFO–DEN) on April 17, 2022, and its connection to the events of December 24, 2025.

32. Plaintiff further pleads the need for broad general discovery. The data breach involving the subject device onboard aircraft and the related network activity was not discovered by Plaintiff until September 8, 2026. Discovery is therefore essential to obtain the full records of the device NCI-02226111-ML (including its MAC address 88:66:5A:1C:BC:70), its presence and activity on United Airlines Flight UA540 (SFO–DEN) on April 17, 2022, subsequent flights including UA 6001 on December 24, 2025, and all associated authentication, session, and passenger logs maintained by United Airlines and any other carriers or network operators, as well as any other devices and transmissions connected to the events alleged herein.

33. Plaintiff further alleges that the subject activity included intentional radio-frequency interference detected with a calibrated transmitter operated in receive-only / listening mode (transmission deactivated). The complete unique list of detected emissions from the representative sample is submitted as Exhibit 3A and includes the following:

> 2375 Hz (+23.0 dBV); 2375 MHz (+23.0 dBV); 2379 MHz (+26.5 dBV); 2384 MHz (+26.5 dBV); 2388 MHz (+26.5 dBV); 2393 MHz (+26.5 dBV); 2397 MHz (+26.5 dBV); 2402 MHz (+26.5 dBV); 2411 MHz (+26.5 dBV); 2420 MHz (+26.5 dBV); 2442 MHz (+26.5 dBV); 2456 Hz (+26.5 dBV); 2456 MHz (+26.5 dBV); 2465 Hz (+26.5 dBV); 2483 MHz (+26.5 dBV); 2505 MHz (+26.5 dBV); 2541 MHz (+26.5 dBV); 2550 MHz (+26.5 dBV); 2604 Hz (+26.0 dBV); 2618 MHz (+26.5 dBV); 2627 MHz (+26.0 dBV); 2631 MHz (+26.0 dBV); 2694 MHz (+26.0 dBV); 2699 MHz (+26.0 dBV); 2721 MHz (+26.0 dBV); 2735 MHz (+26.0 dBV); 2744 MHz (+26.0 dBV); 2775 MHz (+26.0 dBV); 2798 MHz (+26.0 dBV); 2802 MHz (+26.0 dBV); 2861 MHz (+26.0 dBV); and 2865 MHz (+26.0 dBV).

To assist the Court in understanding the significance of these measurements: the unit “dBV” is a standard logarithmic measure of voltage. Zero dBV equals 1 volt RMS. A reading of +20 dBV equals 10 volts RMS; a reading of +26 dBV equals approximately 20 volts RMS; and +26.5 dBV equals approximately 21 volts RMS. The recorded levels of +23.0 dBV to +26.5 dBV therefore correspond to extraordinarily high RF voltages present inside the passenger cabin. By way of comparison, ordinary compliant passenger portable electronic devices (Wi-Fi, Bluetooth, and cellular handsets) produce residual or intentional emissions that are orders of magnitude weaker when measured at cabin distances; they do not generate sustained voltages in the tens of volts at the frequencies listed. Levels of this magnitude are consistent with deliberate, high-power radiation capable of overwhelming or “jamming” nearby receivers.

These frequencies fall within and adjacent to bands allocated under the United States Table of Frequency Allocations (47 CFR § 2.106; NTIA Federal Table) for services including the 2.4 GHz ISM band (Wi-Fi and Bluetooth) and the licensed Broadband Radio Service / Educational

Broadband Service band, but they are not authorized for uncontrolled high-power radiation by passenger devices inside a commercial aircraft cabin. Under 14 CFR § 91.21, no person may operate a portable electronic device on a U.S.-registered civil aircraft operated by an air carrier if it causes interference with the aircraft's navigation or communication systems. The measured levels substantially exceed any residual or incidental emission that would be consistent with compliant passenger equipment and are of a strength sufficient to interfere with or jam aircraft communication and navigation receivers. The pattern, power, and timing of the emissions, occurring in conjunction with the anomalous presence of the controlled enterprise device NCI-02226111-ML on the United_Wi-Fi network (Exhibits 1A and 2A), demonstrate intentional RF interference directed at the aircraft. This interference capability—specifically the ability to jam or disrupt cockpit communications—is the reason Plaintiff did not confront or verbally challenge the persons involved at any moment: those persons were able to interfere with cockpit communications through the aircraft Wi-Fi systems and associated RF activity shown in the exhibits.

34. Plaintiff did not authorize Defendant to access Plaintiff's devices or iCloud account, to obtain Plaintiff's credentials, to share Plaintiff's screen, to copy, damage, or delete "Eifel Bruja," or to interfere with Plaintiff's ability to access or preserve the original files of the work.

35. Defendant's infringement was willful. Defendant acted with knowledge that the conduct infringed Plaintiff's exclusive rights under the Copyright Act, or with reckless disregard of those rights, and intentionally destroyed or rendered inaccessible the original high-quality files of the registered work.

## V. COUNT I

## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501

## (PRIMARY CLAIM – STATUTORY DAMAGES $150,000)

36. The allegations contained in paragraphs 1 through 35 are hereby re-alleged as if fully set forth herein.

36. Plaintiff is the owner of the copyright in the original work titled "Eifel Bruja," Registration No. VAU001597977. The work is an original work of authorship fixed in a tangible medium of expression.

37. 17 U.S.C. § 501 provides that anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122, or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be.

38. Under 17 U.S.C. § 106, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of

ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

39. Defendant, without authorization, reproduced, damaged, and destroyed the original digital files of "Eifel Bruja," deleted them from Plaintiff's iCloud account, and thereby prevented Plaintiff from accessing or recovering the original high-quality version of the work. Plaintiff is left with only a lesser-quality picture.

40. By the foregoing acts, Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 and is an infringer of the copyright under 17 U.S.C. § 501.

41. Defendant's infringement was committed willfully within the meaning of 17 U.S.C. § 504(c)(2).

42. Pursuant to 17 U.S.C. § 504(c), Plaintiff elects to recover an award of statutory damages for the infringement of the work "Eifel Bruja" and seeks the maximum award of $150,000 for willful infringement.

43. Plaintiff is further entitled to permanent injunctive relief under 17 U.S.C. § 502, impoundment under 17 U.S.C. § 503, and recovery of full costs and a reasonable attorney's fee under 17 U.S.C. § 505.

## VI. COUNT II Violation of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030 (Related Claim)

44. The allegations contained in paragraphs 1 through 43 are hereby re-alleged as if fully set forth herein.

45. Defendant intentionally accessed a computer without authorization or exceeded authorized access, and thereby obtained information and caused damage and loss, including the deletion and destruction of the original files of "Eifel Bruja," in violation of 18 U.S.C. § 1030(a)(2) and (a)(5).

46. Plaintiff is entitled to compensatory damages, injunctive relief, and other remedies under 18 U.S.C. § 1030(g).

## VII. COUNT III Violation of the Wiretap Act – 18 U.S.C. §§ 2510 et seq. (Related Claim)

47. The allegations contained in paragraphs 1 through 46 are hereby re-alleged as if fully set forth herein.

48. Defendant intentionally intercepted electronic communications, including screen content and data transmissions, without authorization, in violation of 18 U.S.C. § 2511.

49. Plaintiff is entitled to appropriate relief under 18 U.S.C. § 2520.

## VIII. COUNT IV Violation of the Stored Communications Act – 18 U.S.C. §§ 2701 et seq. (Related Claim)

50. The allegations contained in paragraphs 1 through 49 are hereby re-alleged as if fully set forth herein.

51. Defendant intentionally accessed without authorization a facility through which an electronic communication service is provided (including Plaintiff's iCloud account) and thereby obtained, altered, or prevented authorized access to stored files, including the original files of "Eifel Bruja," in violation of 18 U.S.C. § 2701.

52. Plaintiff is entitled to appropriate relief under 18 U.S.C. § 2707.

## IX. COUNT V Cyberstalking / Interstate Stalking – 18 U.S.C. § 2261A (Related Claim)

53. The allegations contained in paragraphs 1 through 52 are hereby re-alleged as if fully set forth herein.

54. Defendant, with the intent to harass, intimidate, or cause substantial emotional distress, used an interactive computer service and electronic communication system of interstate and foreign commerce to engage in a course of conduct that caused or would reasonably be expected to cause substantial emotional distress to Plaintiff, in violation of 18 U.S.C. § 2261A. The confined aircraft environment, the proximity of Seat 2A directly behind Plaintiff's Seat 1A, the Find My / AirTag location pointing to that seat, and the destruction of the copyrighted work aggravated the harassment and intimidation.

55. Plaintiff seeks all available relief arising from this violation.

## X. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff and against Defendant on Count I under 17 U.S.C. § 501, and on all related counts;

(B) Award Plaintiff statutory damages of $150,000 for willful copyright infringement of the work "Eifel Bruja," Registration No. VAU001597977, pursuant to 17 U.S.C. §§ 501 and 504(c);

(C) Award Plaintiff compensatory and statutory damages under the related claims;

(D) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted work and from any further access to Plaintiff's devices, accounts, and data, pursuant to 17 U.S.C. § 502;

(E) Order that Defendant delete and permanently remove any remaining copies of Plaintiff's work from any computers or devices under Defendant's possession, custody, or control, pursuant to 17 U.S.C. § 503;

(F) Award Plaintiff full costs and a reasonable attorney's fee under 17 U.S.C. § 505; and

(G) Grant Plaintiff any other and further relief this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: September 18, 2026

Respectfully submitted,

Klaus Biesenbach
1390 Market Street, Suite 2819
San Francisco, CA 94102
Plaintiff, Pro Se

| Address | Hardware address | Name | Make | Model | Hostname | Type | State | First seen | Last seen |
|---|---|---|---|---|---|---|---|---|---|
| 172.27.5.83 | 88:66:5A:1C:BC:70 | NCI-02226 | Apple | | | Computer | DOWN | 4/17/22, 13:50:56 | 12/24/25, 10:35:23 |
| 172.27.7.212 | | United Wi-FI | | | | Router | UP | 4/17/22, 13:50:37 | |

Wed Sep 16 5G 100

United_Wi-Fi

Refresh

Devices Network Security Internet

Automate scanning and block devices

1 devices of 2

4 years ago

NCI-02226111-ML

Apple / macOS

Router

172.27.7.212

Search Sort Filter View Clear

exhibit 7A (2 of 2)

| Address | Hardware a | Name | Make | Model | Hostname | Type | State | First seen | Last seen |
|---|---|---|---|---|---|---|---|---|---|
| 172.19.248.1 | | ns.unitedwifi.com | | | ns.unitedw | Router | UP | 2/7/23, 12:08:30 | |
| 172.19.248.2 | | www.unitedwifi.com | | | www.unitec | Router | UP | 2/7/23, 12:08:30 | |
| 172.19.248.36 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.57 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.99 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.101 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.125 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.135 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.155 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.168 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.235 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.238 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.247 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.248.249 | | iPhone | Apple | iPhone 12 | iPhone | Mobile | UP | 7/7/23, 16:17:41 | |
| 172.19.249.7 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.20 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.35 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.56 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.60 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.67 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.75 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.82 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.89 | | iPhone | Apple | iPhone 12 | iPhone | Router | DOWN | 2/7/23, 12: | 4/17/22, 13:50:56 |
| 172.19.249.95 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.107 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.112 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.115 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.116 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.136 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.151 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |
| 172.19.249.163 | | | | | | Generic | UP | 7/7/23, 16:17:48 | |
| 172.19.249.176 | | | | | | Generic | UP | 7/7/23, 16:17:42 | |